UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

In Re:

SYRRIA ADOMAH,

Debtor.

------------------------------------X

THE BANK OF AMERICA, N.A.,

Appellant,

-against-

SYRRIA ADOMAH,

Appellee.

------------------------------------X

06 Civ. 4392 (RWS)

O P I N I O N




A P P E A R A N C E S:

Attorney for Appellee

WILLIAM CAFARO, SR., ESQ.
Law Offices of William Cafaro
37-31 76th Street, 3rd Floor
Jackson Heights, NY 11372

Attorneys for Appellant

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604
By: David Larry Tillem, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

IN RE: SYRRIA ADOMAH,

Debtor.

06 Civ. 4392 (RWS)

OPINION

-------------------------------------X

**Sweet, D.J.,**

Appellant, The Bank of America, N.A. (the "Bank" or the "Appellant") has appealed the March 31, 2006 Opinion of the Bankruptcy Court (the "Opinion") granting damages to appellee, Syrria Adomah ("Adomah" or the "Appellee") arising out of a violation of § 362 of the Bankruptcy Code, 11 U.S.C. Adomah has cross-appealed the denial in the Opinion of punitive damages. For the reasons set forth below, the Opinion is affirmed.

## The Statement of the Case

On August 9, 2005, the Bank received from counsel for Mitsubishi Motors Credit of America (the "Judgment Creditor"), as an officer of the court, a restraining notice (the "Restraining Notice") regarding the accounts (the "Accounts") of the Debtor, Syrria Kissi, now known as Syrria Adomah. The Restraining Notice stated that "disobedience of Restraining Notice is punishable as a

contempt of court" pursuant to N.Y. C.P.L.R. § 5222 (b).[1]

On August 18, 2005, an additional sum of approximately $1,100 was directly deposited into the Accounts representing pre-petition amounts. This additional deposit therefore also became subject to the Restraining Notice as after acquired property pursuant to N.Y. C.P.L.R. § 5222 (b). Des, Ex. C, ¶ 7.

On August 26, 2005 (the "Petition Date"), the Debtor filed her Chapter 7 voluntary petition, together with her Schedules and Statement of Financial Affairs. Des, Ex. N. As of the Petition Date, the Debtor maintained a checking and a savings account with the Bank. The Debtor scheduled her accounts with the Bank on Schedule B, showing balances of $31.06 in her savings account and $21.80 in her checking account, as of the Petition Date. The Debtor claimed the funds in the Accounts as exempt property on her Schedule C. Des, Ex. N.

The Bank received notice of the automatic stay and the bankruptcy court's electronic receipt of Debtor's voluntary petition on or about August 26, 2005. Des, Ex. C, ¶ 5.

---

[1] Appellants Designation of Record on Appeal and Statements of Issues on Appeal, Appellee/Cross-Appellant's Designation of Record on Appeal and Counterstatement of Issues on Appeal/Cross-Appeal, and Stipulation adding additional documents to the Designation of Record on Appeal (collectively the Designation and referred to herein as "Des") Des, Ex. C, ¶ 3.

Debtor's counsel, upon calling the Bank, was informed that it is Bank policy not to release any hold on any account until a written request is made by the creditor's attorney. Des, Ex. A, at 2-3. On September 16, 2005, the Bank received a letter from the Judgment Creditor's attorneys authorizing the Bank to release the hold on the Accounts. Des, Ex. C, ¶ 6.

On or about September 20, 2005, the Debtor filed a Motion for Contempt for Violation of the Automatic Stay (the "Motion"), seeking actual damages, punitive damages and that the Bankruptcy Court hold the Bank in Contempt of court. Des. Ex. A.

On September 22, 2005, the Bank released the Debtor's Accounts. The Bank was not a creditor of the Debtor. On October 27, 2005, the Trustee of Adomah's estate, Robert L. Geltzer (the "Trustee") filed a notice of abandonment of $1,100.00 plus accrued interest. Des, Ex. E. On October 31, 2005, the Debtor amended her Schedules B and C, listing the $1,100.00 in her account as exempt. Des, Ex. P.

On or about October 18, 2005, a hearing was held on the Motion before the Honorable Allan L. Gropper, United States Bankruptcy Court, Southern District of New York. Des, Ex. L. On March 31, 2006, Judge Gropper issued a written opinion granting the Debtor standing to bring her Motion, *nunc pro tunc* because "(i) the funds were the Debtor's exempt property, a fact that the Chapter 7

trustee has confirmed; and (ii) there is no unfairness to Bank of America, which always treated the funds in the Accounts as the Debtor's property." Des, Ex. F, at 7. Additionally, with respect to the substance of the Motion, the Bankruptcy Court held that the Bank violated the automatic stay. Des, Ex. F.

On May 8, 2006, Judge Gropper entered an Order, which inter alia, granted the Debtor's Motion. In order to avoid the expense of an additional hearing with respect to damages, the Bank and the Debtor have stipulated as to damages. Des, Ex. G.

**The Issues**

This appeal presents the following issues:

1. Whether the Bankruptcy Court erred in granting the Debtor's motion for contempt for violation of the automatic stay *nunc pro tunc.*

2. Whether the Bankruptcy Court erred in imposing obligations on the Bank in connection with the automatic stay.

3. Whether the Bankruptcy Court erred in refusing to impose punitive damages.

**The Standard on Appeal**

The decision of whether the Bankruptcy Court should have granted the Debtor standing nunc pro tunc is reviewed for abuse of discretion. See In re Aquatic Development Group, Inc., 352 F.3d 671, 678 (2d Cir. 2003) (stating with respect to review of grant *nunc pro tunc* relief, "we review a bankruptcy court's decision regarding such approval for abuse of discretion, which we have defined as (i) a decision resting on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions.") (citations omitted).

The issue of awarding punitive damages is also appropriately reviewed under an abuse of discretion standard. "A bankruptcy judge's findings of fact stand unless found by the district court to be clearly erroneous. The same standard applies to a review of an award of damages." In re Fugazy Express, 124 B.R. 426, 430 (S.D.N.Y. 1991).

The decision of whether the Bank violated 11 U.S.C. § 362 is a matter of law. Thus, the relevant standard of review of the Bankruptcy Court's decision that the Bank violated the automatic

stay is reviewed de novo. See Town of Hempstead Employees Fed. Credit Union v. Wicks (In re Wicks), 215 B.R. 316, 318 (E.D.N.Y. 1997).

**Adomah Was Appropriately Granted Standing Nunc Pro Tunc**

According to the Bank, granting the Debtor standing *nunc pro tunc* is an abuse of discretion because it would render Fed. R. Bankr. P. 4003 (b) superfluous and contravene 11 U.S.C. § 522 (l), which provides in relevant part, "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." The Bank contends that using the equitable powers of 11 U.S.C. § 105 to alter the applicability and direct mandates of 11 U.S.C. § 522 (l) and Rule 4003(b) and renders the thirty day objection period of 4003(b) meaningless. See Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994) (stating that a bankruptcy court's equitable powers are not unlimited and may not be exercised in contravention of Bankruptcy Code provisions). Br. of Appellant, at 9.

However, as the Opinion notes, the United States courts are split on this issue. Some have held, in the precise circumstances at bar, that a Chapter 7 debtor has standing to assert claims against a bank based on its denial of access to funds that the debtor claimed as exempt. See Jimenez v. Wells Fargo

Bank, N.A. (In re Jimenez), 335 B.R. 450, 455-56 (Bankr. D.N.M. 2005); see also Moreira v. Digital Employees Fed. Credit Union (In re Moreira), 173 B.R. 965, 973 (Bankr. D. Mass. 1994) (holding that exemption claim was enough to confer standing to challenge setoff). Other courts confronting the same facts have denied standing. See Calvin v. Wells Fargo Bank, N.D. (In re Calvin), 329 B.R. 589, 601-02 (Bankr. S.D. Tex. 2005); Price v. Gaslowitz, 173 B.R. 434, 440-43 (Bankr. N.D. Ga. 1994). No cases have been found on point in the Second Circuit.

The Bankruptcy Court also noted that there was no question that the money in the Accounts was exempt, no uncertainty that the Trustee would abandon the property to the Debtor (which he did), and that the Bank treated the funds in the Accounts as the Debtor's property.

However difficult it may be to synthesize the meaning of "abuse of discretion," to follow a line of authority under these particular circumstances, considering the exigencies faced by the Debtor, is not an abuse of authority. See Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc., 601 F.2d 48, 59 & n.18 (2d Cir. 1979).

**The Bank Violated the Automatic Stay**

Although the Bank makes reference in its brief to

handling over 70,000 garnishments during the relevant period (Br. of Appellant, at 15), the underlying issue is the responsibility of a bank faced with the automatic stay. The Bank remained inactive and placed the burden upon the Debtor to effectuate the stay by requiring the Judgment Creditor to release its hold.

The Bankruptcy Court found that the Bank was required to act. It contrasted the Bank's policy with that of Wells Fargo Bank, which placed an administrative freeze on accounts subject to the automatic stay, a policy approved in In re Calvin, 329 B.R. at 605-06, and disapproved in In re Jimenez, 335 B.R. at 459-62. Here the Opinion stressed that the Bank did nothing with respect to the stay and sought to put the burden of compliance on a third party, the Judgment Creditor.

The Opinion also noted the difficulty presented by the Bank's failure to distinguish between pre-petition and post-petition deposits, although in this instance it is conceded that the $1,100 was pre-petition. The Bankruptcy Court concluded that the Bank's contention that a debtor should seek alteration of his employer's pay practices presented an additional indicium of the unreasonableness of its policy.

The Bank on appeal has urged that it simply imposed a temporary freeze on the account in accordance with Citizens Bank v. Strumpf, 516 U.S. 16, 17 (1995). Br. of Appellant, at 14.

However, in oral argument before the Bankruptcy Court, the Bank abandoned such an argument, stating that its action was "not an administrative freeze." Des. Ex. L., at 17. In fact, the record establishes that the Bank's position was that it was entitled to take no action with respect to the automatic stay and instead require the Debtor and the Judgment Creditor to act. This position is contradicted by Knaus v. Concordia Lumber Company (In re Knaus), 889 F.2d 773 (8th Cir. 1989), which held:

> The duty to turn over the property is not contingent upon any predicate violation of the stay, any order of the bankruptcy court, or any demand by the creditor. Rather, the duty arises upon the filing of the bankruptcy petition. The failure to fulfill this duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to "exercise control over the property of the estate" in violation of the automatic stay.

Id. at 775 (citations omitted)

The Bank was under a duty to comply with the automatic stay and to release the exempt funds.

**The Punitive Damages Were Appropriately Denied**

Section 362 (k)(1) of the Bankruptcy Code provides that:

> [a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs

> and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362 (k).

It is the Debtor's position that "appropriate circumstances" for purposes of awarding punitive damages occurs where there has been "an arrogant defiance of federal bankruptcy law . . . ." Cross Appeal, ¶ 19 (citing In re Marine Pollution Serv., Inc., 99 B.R. 210 (Bankr. S.D.N.Y. 1989) and In re Mullarkey, 81 B.R. 280 (Bankr. D.N.J. 1987)).

The Opinion, however, concluded that the Bank did not act maliciously or in bad faith, citing In re Klein, 226 B.R. 542, 545 (Bankr. D.N.J. 1998) and Restatement (Second) of Torts § 908 (1979).

At worst, the Bank made a mistake of the law in its belief that it is the judgment creditor and not the garnishee that has the affirmative duty to terminate a bank account restraint. Cf. In re Henry, 328 B.R. 664, 668 (Bankr. E.D.N.Y. 2005) (noting that a failure to release a restraint on a debtor's account "may" violate the automatic stay). Moreover, even callous disregard is an insufficient basis upon which to award punitive damages because it does not rise to the level of bad faith or maliciousness. See In re Layton, 220 B.R. 508, 518 (Bankr. N.D.N.Y. 1998) (stating that "[w]hile the Court finds a callous disregard for the Stay, it

finds no evidence of bad faith or maliciousness . . . ; therefore, punitive damages are not warranted").

The Bankruptcy Court did not abuse its discretion by refusing to grant punitive damages to the Debtor.

**Conclusion**

The decision of the Bankruptcy Court is affirmed on the appeal dismissed.

It is so ordered.

**New York, NY**
**May 8 , 2007**

**ROBERT W. SWEET**
**U.S.D.J.**